WELCHEL *et al. vs.* GORDON *et al.*

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Land, while under levy by the sheriff, having been by a stranger to the title of the defendant in *fi. fa.*, conveyed with general warranty, and the vendee having interposed a claim which was tried and the property found subject, the judgment in the claim case is binding relatively to the plaintiff in *fi. fa.*, both upon the vendor and the vendee. Without some special reason, equity will not enjoin the sale to await further litigation on the same title, but will leave the *fi. fa.* to proceed

Injunction. Levy and sale. Claim. Judgments. Before Judge LESTER. Lumpkin County. At Chambers. May 23, 1879.

Reported in the opinion.

WIER BOYD, for plaintiffs in error.

W. P. PRICE, for defendants.

BLECKLEY, Justice.

Whilst a certain described lot of land was under levy by the sheriff as the property of Gordon, an undivided half thereof was conveyed by the complainant Welchel, to the complainant Hardin, by deed, with general warranty of title. Hardin then interposed a claim, and on the trial of the claim the property was found subject, and the execution was ordered to proceed. After this result was reached, the present bill was filed to enjoin the sale, and the chancellor refused the injunction prayed for. The complainants do not set up in their bill any title derived from, or through, Gordon, the defendant in *fi. fa.*, but one which is adverse to his, and which was, or might have been, adjudicated upon in the claim case. It is too late to litigate over again the dispute which was then disposed of. No new fact, legal or equitable, has come to light since the claim

case was tried. What is known now to the disadvantage of the creditor's judgment, or to the debtor's title, or in respect to any other material matter, was known then, and in time to have brought the same into that litigation. The adjudication in the claim case certainly binds Hardin, and we see not why it should be avoided by Welchel, his warrantor; for the levy was made in June, and the deed from Welchel to Hardin, upon which the claim was founded, was not made until the following November. If the claim case was lost by Hardin's fault, and not on account of the weakness of his vendor's title, he cannot force the latter to respond on the warranty, and so Welchel will not suffer. If, on the contrary, the title was tested, as it should have been, and proved to be weaker than that of the defendant in the *fi. fa.*, there is no reason to test it again. Instead of claiming the land himself, as he might have done before conveying to Hardin, Welchel seems to have preferred to pass the legal title, pending the levy, into Hardin, and let him claim. There is no allegation in the present bill of collusion between Hardin and the plaintiff in *fi. fa.*, or the defendant in *fi. fa.*, by reason of which the land was condemned in the claim case. There is no danger that the judgment in that case will conclude Welchel in an action against him by Hardin on the warranty, unless it ought to conclude him. If, after litigating with the first claimant, a plaintiff in *fi. fa.* could not bring land to sale until after litigating in equity the same title with each and every previous warrantor in the claim who might choose to come forward, the burden and delay would be insufferable. On the facts in the record, we have no doubt that the injunction was properly refused. While we are not deficient in sympathy for all who are in distress, we should be sorry to administer private sympathy from this bench, instead of public justice as regulated by law.

Judgment affirmed.